## UNITED STATES v. REINHEIMER.

### (District Court, E. D. Pennsylvania. June 27, 1916.)

### No. 62.

POST OFFICE ⬤�longrightarrow32—OFFENSES—MAILING OBSCENE "LETTER."

In view of the fact that, after the enactment of the statute making the mailing of obscene publications an offense, Congress included the mailing of obscene letters (Act March 4, 1909, c. 321, § 211, 35 Stat. 1129, as amended by Act March 4, 1911, c. 241, § 2 [U. S. Comp. St. 1913, § 10381]), the mailing of such sealed letters addressed to the sender is not an offense, the statutory purpose being to protect morals, though the writer intended in that way to lay the basis for criminal charge against

a third person, for the term "letter," as used, does not include a writing mailed by the writer to himself, but indicates some element of publication.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 51; Dec. Dig. ⊛32.

For other definitions, see Words and Phrases, Letter.]

Tillie Reinheimer was indicted for sending obscene matter through the mails. On demurrer to indictment. Demurrer sustained.

Robert J. Sterrett, Asst. U. S. Atty., and Francis Fisher Kane, U. S. Atty., both of Philadelphia, Pa.

Bertram D. Rearick, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. The entry of a nolle prosequi has eliminated counts 1 and 2 from this indictment. The demurrer interposes the objection that no offense defined by any law of the United States is charged to have been committed by the defendant. Because of the general nature of the charge, it is only fair to the defendant to have put of record that her real defense is a denial of her guilt in fact. If, however, the facts as averred do not constitute a legal crime, there is no occasion to inquire into them.

We must, of course, assume the facts to be as averred. It is entirely consistent with the averments made and implied in them, and necessary to bring out the point now involved, to further state that the defendant is charged with having deposited in the mails a sealed envelope addressed to herself. There is no point made that the manuscripts inclosed are not of the obscene character defined by the acts of Congress (U. S. Comp. St. 1913, § 10381). It is therefore unnecessary that we should be informed of what the writings are. Indeed, it is better that our minds should be uninflamed by a knowledge of what the envelopes contained. The bill of particulars accompanying the indictment discloses the name of a former husband of the defendant, from whom she is now divorced, as the apparent sender of the missives. The motive ascribed to the defendant is to have the husband implicated in the same crime now charged against her, in the expectation that he would be convicted and punished. However heinous such an act may have been, it is clear she cannot be tried and punished for it by a conviction under this indictment.

This brings us to the question: Does the indictment charge a legal offense? The United States has asked that the question be ruled upon demurrer, rather than as a trial question. The charge breaks upon the rock presented in the question: Did Congress mean to extend the statute so as to make it a penal offense for a person to mail a writing inclosed in a sealed envelope addressed to the sender? The answer to this question is found in the genesis of the present enactment. The case of exposed writing, either upon a postal card or upon the outside of the envelope, is provided for in a separate enactment. The other enactment was originally confined to the use of the mails in the carrying of objectional publications. The case of the sending of a letter in a sealed envelope arose. This presented the question of whether such an act was within the prohibition of the law. The word "writ-

ing" appeared in the act of Congress. The word "letter" or "letters" did not. It was held that a "letter" was not one of the prohibited writings. The construction was based upon the fact that in all its other legislation, when Congress meant to include letters, it had used that word. U. S. v. Chase, 135 U. S. 255, 10 Sup. Ct. 756, 34 L. Ed. 117.

Following this ruling the word "letters" was inserted by amendment. Since then written messages or correspondence commonly known as letters, sent by one person to another through the mails, have been held to be within the Act. Is this idea of "sent by one person to another" involved in the idea called up by the word "letters"? This is, so far as we have been able to consult the lexicographers, the lexical meaning of the word. This is persuasive evidence of its meaning in common speech, and this is the common use of the word. This, in consequence, is presumptively the sense in which the word was used by Congress. There is the other view, which may be taken, not because of the word "letters," but because of the general purpose of Congress to deny the use of the mails for the carrying of any lascivious or obscene book or writing. The prohibition is directed against the use of the mails, not to the harm or annoyance which the sender may cause another. In this view the offense would be the same, whether a book were purchased of a publisher and sent by the purchaser through the mails, directed to himself, at his own address, or whether it were sent to him by the seller. It is the vile thing itself which is excluded from the mails, and the offense consists in the sending of what is thus excluded, and neither the sender nor the addressee is of any importance, except that it is the one who deposits it in the mail who is the guilty party named by the law. There is, however, involved in the thing condemned the thought of something published, and this element is lacking in a writing mailed by a person to himself.

Judgment on the demurrer is accordingly entered in favor of the defendant, that she go without day, etc., and an exception is allowed to the United States.